UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **VICKIE R. GRAY,** <br><br> Plaintiff, <br><br> vs. <br><br> **DTE ENERGY COMPANY RETIREMENT PLAN, an employee benefit plan, ESTATE OF RANDY D. GRAY, and JOY GRAY,** <br><br> Defendants. | **2:24-CV-11416-TGB-EAS** <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** <br> **(ECF NO. 24)** |

Plaintiff Vickie Gray was married to Randy Gray, now deceased, for over 25 years until they divorced in 2006. As part of the divorce judgment, Vickie was awarded surviving spouse benefits. But in March of 2011, Randy and his new wife Joy submitted a new election of benefits assigning the surviving spouse benefits to Joy, and certifying (apparently falsely) that Randy was never involved in a divorce that impacted his pension benefits. Vickie Gray has filed this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, because Defendant DTE Energy Company Retirement Plan has denied her surviving spouse benefits, which she contends were awarded to her through a Judgment of Divorce. Plaintiff Vickie Gray has also brought suit against Defendants Joy Gray and the Estate of Randy Gray for fraud and misrepresentation and a declaratory judgment in connection with the denial of those surviving spouse benefits.

Defendants Joy Gray and the Estate of Randy Gray have not appeared or otherwise defended themselves in this action. Plaintiff obtained a clerk's entry of default as to each Defendant, ECF Nos. 19, 20, and now moves for entry of default judgment against those two Defendants. ECF No. 24. For the reasons explained below, Plaintiff's motion will be **DENIED WITHOUT PREJUDICE**.

## I.    BACKGROUND

Randy Gray, a former employee of DTE Energy, was a participant in the DTE Energy Company Retirement Plan (the "Plan"). Complaint ¶ 13, ECF No. 1. Randy Gray was married to Plaintiff Vickie Gray from December 1, 1979 until they divorced on January 6, 2006. Affidavit of Vickie Gray ¶ 1, ECF No. 24-1, PageID.112. The Judgment of Divorce granted pension benefits and surviving spouse benefits to Vickie Gray. *Id.* ¶ 2.

After the divorce, Randy Gray married Defendant Joy Gray. Complaint ¶ 5, ECF No. 1. Randy Gray retired in 2011 and Vickie Gray eventually began receiving pension benefits from the Plan in 2015. *Id.* ¶ 17. Randy Gray died on January 4, 2018, and after that Vickie Gray stopped receiving pension benefits. *Id.* ¶¶ 21, 23. Vickie Gray alleges that she contacted DTE Energy to inquire about the cessation of her pension checks, but that she did not get a definitive answer. *Id.* ¶ 24.

However, she subsequently learned that when Randy Gray submitted his retirement application to DTE Energy, which was signed

and submitted by Joy Gray on behalf of Randy Gray, he elected an option providing for survivor benefits to his second wife, Joy Gray, and not Vickie Gray. *Id.* ¶ 18; Early Retirement Election Form, ECF No. 24-4, PageID.126. On the pension election form, Randy Gray and Joy Gray stated that Randy Gray

> Certifies that I am not currently and have never been involved in a Divorce that impacted my pension benefits.

ECF No. 24-4, PageID.126. Vickie Gray asserts that this statement was false as she and Randy Gray had been divorced and the Judgment of Divorce provided that Vickie Gray would receive surviving spouse benefits. Complaint ¶ 20, ECF No. 1.

On May 28, 2024, Plaintiff Vickie Gray filed this action against Defendants DTE Energy Company Retirement Plan (the "Plan"), Joy Gray, and the Estate of Randy Gray. ECF No. 1. Plaintiff contends that the Plan wrongfully denied her full surviving spouse benefits in violation of ERISA. *Id.* Count I. She also asserts a claim against Joy Gray and the Estate of Randy Gray for fraud and misrepresentation. *Id.* Count III. She asserts that Joy Gray's fraudulent statement on the pension election form resulted in Joy Gray receiving lifelong surviving spouse benefits instead of her, and that she is entitled to those benefits. *Id.* ¶¶ 47–48. Finally, Vickie Gray asserts a declaratory judgment claim, "requesting a declaratory judgment declaring that [she] is entitled to all rights and full surviving spouse benefits of Randy Gray," and she "seek[s] a decision

3

pursuant to section 502(a) of ERISA following an adverse benefit determination." *Id.* ¶¶ 39–40.

Defendant DTE Energy Company Retirement Plan was served with the Complaint and filed an Answer to the Complaint, with affirmative defenses. ECF No. 7.

Defendants Joy Gray and the Estate of Randy Gray, however, have failed to answer or otherwise respond to this action despite multiple attempts at personal service and alternate service as ordered by the Court, and a Clerk's Entry of Default was entered against each of them on January 23, 2025. ECF Nos. 19, 20.

Plaintiff filed the present motion for default judgment on July 18, 2025. ECF No. 24.[1] Plaintiff asks the Court to enter Judgment against Defendants Joy Gray and the Estate of Randy Gray in the amount of $94,290.00 "as damages for the value of her surviving spousal benefits," plus costs and attorney fees in the amount of $4,512.60. *Id.* PageID.107–09. These amounts are supported by an affidavit of Vickie Gray, ECF No. 24-1, a report by David Roessler, a financial advisor and founding partner of Divorce Solutions, ECF No. 24-2, and a verification of fees by Plaintiff's counsel. ECF No. 24-3.

---

[1] The Court notes that Plaintiff filed the Motion for Default Judgment in response to the Court's Order Regarding Clerk's Entry of Default, which noted that a default had been entered and ordered Plaintiff to either file a motion for default judgment or a memorandum setting forth the reasons for not filing such a motion. *See* ECF No. 21.

The Plan and Plaintiff have now filed cross-motions for judgment on the administrative record. ECF Nos. 28, 29. The Plan argues that the decision denying Plaintiff's claim for surviving spouse benefits under the Plan should be upheld because the Plan Administrator reasonably concluded that Plaintiff was not entitled to benefits because her claim for surviving spouse benefits was untimely, and she was only entitled to benefits during the life of Randy Gray. ECF No. 28. Plaintiff argues that the denial of her benefits was arbitrary and capricious because the Plan relied upon false, fraudulent, and intentional misrepresentations in denying benefits, and further the Plan's claim that her claim is time barred is without merit. ECF No. 29. The motions are now fully briefed. ECF Nos. 30, 31.

## II.   LEGAL STANDARD

Default judgments are governed by Fed. R. Civ. P. 55. Pursuant to Rule 55(b), the Court may enter a default judgment against a defendant who fails to defend against an action. To obtain such a judgment, the moving party must first request the Clerk of the Court for an entry of default under Fed. R. Civ. P. 55(a). *Shepard Claims Serv. Inc. v. Williams Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). Upon the entry of default, all well-pled allegations of the plaintiff's complaint are deemed admitted. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. Jun. 9, 2006) (Cleland, J.) (citing *Visioneering Constr. v. U.S. Fidelity and Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)). But an entry of default does not

guarantee that a default judgment will follow. *See Allstate Ins. Co. v. Cantrell Funeral Home, Inc.*, 506 F. Supp. 3d 529, 542 (E.D. Mich. Dec. 11, 2020) (Drain, J.). If the plaintiff's complaint alleges damages for a sum certain, the Clerk "on plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing." Fed. R. Civ. P. 55(b)(1). In all other cases, the party must apply to the Court. Fed. R. Civ. P. 55(b)(2).

A court may, but is not required to, conduct a hearing to determine the amount of a plaintiff's damages. Fed. R. Civ. P. 55(b)(2)(B); *see also Ford Motor Co.*, 441 F. Supp.2d at 848 ("Fed. R. Civ. P. 55 does not require a presentation of evidence as a prerequisite to the entry of a default judgment, although it empowers the court to conduct such hearings as it deems necessary and proper to enable it to enter judgment or carry it into effect."). Ultimately, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (citation omitted).

## III. DISCUSSION

Defendants Joy Gray and the Estate of Randy Gray have failed to respond to Plaintiff's Motion for Default Judgment. But meanwhile, the Defendant Plan has responded to this lawsuit, and Plaintiff's and

6

Defendant Plan's cross-motions for judgment on the administrative record are briefed and pending

It is the "preferred practice" in the Sixth Circuit, and in courts of this district, in multi-defendant cases involving a single defaulting defendant to delay granting the default judgment motion against only one or some of the defendants until the court reaches a decision on the merits against all:

> When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants.

*See Kimberly v. Coastline Coal Corp.*, No. 87-6199, 857 F.2d 1474 (Table), 1988 WL 93305, at *3 (6th Cir. Sept. 9, 1988) (noting that this rule has its roots in the seminal case *Frow v. De La Vega*, 82 U.S. 552 (1872)); *see also Barnes v. G4S Secure Sols. (USA) Inc.*, No. 23-12897, at *1 (E.D. Mich. May 5, 2025) (White, J.) ("[C]ourts in this district, to avoid inconsistent judgments in multi-defendant actions, have postponed entering default judgments until the liability of the answering defendants is adjudicated."). Underpinning the "*Frow* rule," as the Sixth Circuit explained in *Kimberly*, is the concern that entering a default judgment on the merits against one defendant, while the case remains undecided against the other defendants, could ultimately result in

7

inconsistent verdicts—an "unseemly and absurd" outcome. 1988 WL 93305, at *3. The *Frow* rule, however, is relatively narrow in that it generally applies "when the liability of the defendants is joint." *Id.*

Nevertheless, courts have found that the "logic underpinning the Court's decision in *Frow* is just as relevant [in the absence of joint or joint and several liability] in a case where a default declaratory judgment is sought against one defendant while other defendants remain in ongoing litigation." *See American Nat'l Prop. & Cas. Co. v. Williamson*, 22-cv-00539, 2020 WL 7021421, at *2 (S.D. Ohio Nov. 30, 2020) (collecting cases and finding *Frow* rule applicable notwithstanding the absence of joint liability because the rationale undergirding the rule—avoiding inconsistent judgments—was "equally relevant"); *Auto-Owners Ins. Co. v. McElroy*, No. 3:20-CV-00466, 2021 WL 2556133, at *2 (E.D. Tenn. June 22, 2021) (declining to enter default judgment against single defendant even if "it is not clear whether this is a case of joint and several liability"); *United States for Use of Deepali Co., LLC v. FutureNet Grp., Inc.*, No. 17-12911, 2019 WL 4463273, at *2 (E.D. Mich. Sept. 18, 2019) (Steeh, J.) ("The court's grant of summary judgment in favor of Western accrues to the benefit of [the defaulting party]; it would be 'incongruous' and 'unfair' to hold [the defaulting party] liable for charges that the court has determined are unenforceable.") (citation omitted); *Nautilus Ins. Co. v. I.L.S. Gen. Contractors*, 369 F. Supp. 2d 906, 909 (E.D. Mich. 2005) (Zatkoff, J.) ("[T]he *Frow* rule will apply in situations in which several

defendants have closely related defenses.") (citation modified); *see also Jefferson v. Briner, Inc.*, 461 F. Supp. 2d 430, 435 & n.7 (E.D. Va. 2006) (collecting cases from other circuits finding that "logically inconsistent judgments among multiple defendants are to be avoided, and a finding of inconsistency will preclude the entry of default judgment against a non-appearing defendant").

In such a case, "[a] court following the *Frow* rule will withhold granting a default judgment until the trial on the merits against the remaining defendants, but the defaulting defendant will lose its right to participate in the case." *American Nat'l*, 2020 WL 7021421, at *2 (citations omitted).

Further, Rule 55(b)(2) must be read in conjunction with Federal Rule of Civil Procedure 54(b), which provides that "[w]hen an action presents more than one claim for relief … or when multiple parties are involved, the court *may* direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if* the court expressly determines that there is *no just reason for delay*." (emphases added). Under this rule, a court should enter a final judgment in a multiple claims action "'only in the infrequent harsh case as an instrument for the improved administration of justice.'" *Thorburn v. Fish*, No. 3:13-cv-1431, 2014 WL 6871535, at *2 (M.D. Tenn. Dec. 5, 2014) (setting forth Sixth Circuit factors to consider for entry of a final decision in a multiple claims action

9

under Rule 54(b)) (quoting *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.,* 807 F.2d 1279, 1282 (6th Cir. 1986) (citation omitted)).

Here, the Court finds that there is just reason to delay entering default judgment. Rule 55(b)(2) gives the Court discretion to determine whether default judgment is appropriate against a party, and the *Frow* rule and precedents of courts in this District and in this Circuit counsel that entry of a default judgment against one defendant in a multi-defendant case, where the remaining defendants are contesting the suit on the merits, should be withheld until the liability of the answering defendants has been adjudicated. *See In re Uranium Antitrust Litig.,* 617 F.2d 1248, 1258 (7th Cir.1980) (noting that "the entry of default judgment can be viewed as a simple exercise in the procedures set out in Rules 54 and 55 of the Federal Rules of Civil Procedure," and noting further that under Rule 54(b), the court has discretion and thus may withhold the entry of judgment).

Plaintiff Vickie Gray requests a default judgment against Defendants Joy Gray and the Estate of Randy Gray, seeking "a decision pursuant to section 502(a) of ERISA following an adverse benefit determination" "declaring that Vickie Gray is entitled to all rights and full surviving spouse benefits of Randy Gray," and that Joy Gray's "fraudulent actions resulted in her receiving lifelong spousal benefits" but that "Vickie Gray is entitled to the surviving spouse benefits of Randy Gray and not Joy Gray." Complaint ¶¶ 39, 40, 47, 48. Thus, granting

Plaintiff's motion would result in a finding, by default, that Vickie Gray is entitled to surviving spousal benefits under the Plan. Yet Plaintiff's and the Plan's cross-motions for judgment on the administrative record have placed the specific issue of whether Vickie Gray is entitled to surviving spouse benefits under the Plan in contention. If the Court were to grant the Plan's motion, thereby concluding that Vickie Gray is not entitled to surviving spousal benefits under the Plan, such a decision would be completely inconsistent with granting default judgment declaring that Vickie Gray is entitled to those benefits. To avoid the possibility of such a result, it is appropriate to delay entry of default judgment as to Defendants Joy Gray and the Estate of Randy Gray until the ERISA claim against the Plan is resolved. In reaching this decision, the Court expresses no opinion whatsoever as to the merits of the cross-motions for judgment on the administrative record.

Those cross-motions for judgment on the administrative record are now fully briefed, and a decision on these motions will determine whether Vickie Gray is entitled to surviving spousal benefits under the Plan. Plaintiff will not suffer undue prejudice awaiting a decision on those motions as the cross-motions are fully briefed and ready for decision

Accordingly, the Court declines to enter a default judgment against Joy Gray and the Estate of Randy Gray at this time, to ensure that the "unseemly and absurd" possibility of inconsistent verdicts will not come to pass. *Kimberly*, 1988 WL 93305, at *3.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment against Defendants Joy Gray and the Estate of Randy Gray, ECF No. 24, is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated: March 23, 2026          /s/Terrence G. Berg
                              HON. TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE